## HERRICK v. WIXOM.

1. Evidence—Personal Injury—Statement as to Cause.

In an action by one who was injured by the explosion of a giant firecracker by defendant, one of plaintiff's witnesses testified that plaintiff said to witness, immediately after the explosion, that it had put his eye out. On defendant's motion that the testimony be stricken out, plaintiff's attorney said. "For the purposes of the case, it may be sufficient to say that there was an exclamation of pain immediately following the explosion." The statement as to the cause of the injury was thereupon stricken out. *Held*, that, while the evidence was admissible as part of the *res gestæ*, the plaintiff, because of his counsel's concession, was not in position to complain of its exclusion.

2. Negligence—Injury to Trespasser—Liability.

The fact that plaintiff forced his way into a show tent, where he was injured by the explosion of a giant firecracker in the course of the performance, will not preclude a recovery based on the proprietor's negligence, since the duty of reasonable care is owed even to trespassers when their presence is known.

1. NEGLIGENCE—ASSUMPTION OF RISK—EVIDENCE.

Evidence that plaintiff attended a previous performance in defendant's show tent, where a giant firecracker was exploded with no injurious consequences, is not admissible for the purpose of showing that he assumed the risk on the occasion when he was injured.

2. PERSONAL INJURIES—EVIDENCE—INTOXICATION OF PLAINTIFF.

Evidence, in an action for personal injuries, that plaintiff was intoxicated at the time they were received, is admissible as part of the *res gestæ*.

3. SAME—DAMAGES.

Evidence as to plaintiff's intoxication on other occasions is admissible on the question of damages, as bearing on his earning capacity, but for no other purpose. *Kingston* v. *Railway Co.*, 112 Mich. 40, followed.

Error to Shiawassee; Dodds, J., presiding. Submitted June 7, 1899; decided September 27, 1899. Rehearing granted November 7, 1899; second opinion, amplifying the former one, December 30, 1899.

Case by Frank Herrick against Martin V. B. Wixom for personal injuries. From a judgment for defendant, plaintiff brings error. Reversed.

*Dean & Hooker* (*John T. McCurdy*, of counsel), for appellant.

*Watson & Chapman*, for appellee.

MONTGOMERY, J.    This is an action of trespass on the case, brought in the circuit court for the county of Shiawassee. Defendant was possessed of and managed a tent or circus, September 18, 1897, which he exhibited t. . place to place, and on the afternoon of this day at Bancroft. Plaintiff went to the circus grounds on the afternoon of this day, in company with his cousin. There is testimony to show that while there he and his cousin were invited by a son of the defendant who had been

selling tickets in the ticket wagon, to enter the tent with him, the entertainment being in progress. This plaintiff did, taking a seat on the lower tier of seats. The testimony on the part of the defense tended to show that plaintiff was not invited into the show, and that the son of defendant had no authority to invite him in. There was also evidence that plaintiff had attended a similar exhibition given by defendant the spring before. A part or feature of the entertainment consisted in the ignition and explosion of a giant firecracker attached to a pipe set in an upright position in one of the show rings. This was done by one of the clowns. There is testimony to show that plaintiff sat 30 or 40 feet from the place where the cracker was exploded, but, when the same was exploded, a part of the firecracker flew and struck plaintiff in the eye, putting it out, whereby he lost the sight and use of the eye. For this injury action was brought against defendant for damages as a result of defendant's negligence in permitting a dangerous explosive to be used in a dangerous manner, which subjected those present to hazard and risk of injury. Upon the trial of the cause a verdict of no cause of action was rendered, and judgment for the defendant entered accordingly. Plaintiff brings error.

1. Edward Hutchins was a witness for the plaintiff. He testified to the explosion, and that plaintiff sat right beside him at the time, and, in answer to the question, "As soon as you heard the explosion, what took place?" replied, "Mr. Herrick spoke to me and said, 'Ed., that put my eye out.' I looked over at him." On motion of the defendant's counsel, that portion of the statement of the plaintiff as to what it was that hurt him was struck out. Mr. Dean, counsel for the plaintiff, stated previous to this ruling, "For the purposes of the case, it may be sufficient to say that there was an exclamation of pain immediately following the explosion." In view of this statement, we do not think that plaintiff's counsel are in position to complain that the statement as to the cause of the injury was struck out. In view of a new trial, we may

say that we think the statement a part of the *res gestœ*, and admissible.

2. The circuit judge charged the jury as follows:

" The negligence charged in this case, gentlemen, is that Mr. Wixom exploded a firecracker, of the dimensions that the plaintiff claims this firecracker was, in the inside of this tent, and in the presence of his audience. They claim that was negligence. And that is the question for you to determine, under the evidence, and under the rules of law that I have given you and that I shall give you hereafter. Now, you must further find, in order that the plaintiff recover, that the plaintiff was in the tent, where he was injured, by the invitation of some person having authority to allow him to go in there. If he was a mere trespasser, who forced his way in, then the defendant owed him no duty that would enable him to recover under the declaration and proofs in this case; but, in connection with that, I call your attention to the claim made by defendant that the plaintiff was in a drunken condition at the time. If he was in a drunken condition, and he was invited there by some person connected with · the show who had authority to invite him,—that is, if Mr. Van Wixom invited him, and he had authority to invite him, knowing that he was intoxicated at the time,—then it would be the duty of the defendant to protect him while there by using ordinary care in managing his show; and in that case, if you find that he was drunk at that time, and that the defendant invited him in, or some person having authority, knowing him to be such, then it would make no difference whether he had seen the show previously, or what knowledge he had of previous exhibitions, with respect to the liability of defendant, because, if a man is invited into the show, and, when he goes in there, is in that condition, he is not capable of comprehending what is going on, and if a dangerous explosive is used, from which he received an injury, you could not properly take into consideration that he had theretofore seen the same act in the same show, and therefore took the risk himself. But if you find, gentlemen, that this was a dangerous explosive, and that when it exploded it struck the plaintiff in the eye, and that he was rightfully there, by invitation, and that he was sober, and you further find that his own negligence or want of due care did not contribute to the injury, and that

he did not have full knowledge of the danger that might result from such explosion, or, if he did, that he did not have sufficient time to place himself at a safe distance before he was struck, your verdict should be for the plaintiff. Now, gentlemen, that you may fully understand that: Supposing the plaintiff was sober, or in such a condition that he knew what was going on; if he had full knowledge of the danger that he was in at the time; if he knew that an act was about to be performed, of which he had full knowledge of the danger there, and had time to leave the place where he was and go to a safe place, and did not attempt to do so,—then the defendant would not be liable; but if he was in a drunken condition, and invited there by the defendant himself, or by some person who had authority to invite him, whether he knew of it or had previously known of it would be no defense in this case. If a man takes a drunken man into his show, knowing him to be in that condition, and negligently injures him while he is there, he is liable for damages that may have occurred to the plaintiff."

We think this instruction faulty, in so far as it was intended to preclude recovery in any event if the plaintiff was found to be a trespasser. It is true that a trespasser who suffers an injury because of a dangerous condition of premises is without remedy. But, where a trespasser is discovered upon the premises by the owner or occupant, he is not beyond the pale of the law, and any negligence resulting in injury will render the person guilty of negligence liable to respond in damages. Beach, Contrib. Neg. § 50; Whart. Neg. § 346; *Marble* v. *Ross,* 124 Mass. 44; *Houston, etc., R. Co.* v. *Sympkins,* 54 Tex. 615 (38 Am. Rep. 632); *Brown* v. *Lynn,* 31 Pa. St. 510 (72 Am. Dec. 768); *Needham* v. *Railroad Co.,* 37 Cal. 409; *Davies* v. *Mann,* 10 Mees. & W. 546; 1 Shear. & R. Neg. § 99. In this case the negligent act of the defendant's servant was committed after the audience was made up. The presence of plaintiff was known, and the danger to him from a negligent act was also known. The question of whether a dangerous experiment should be attempted in his presence, or whether an experiment should be conducted with due care and regard to his

safety, cannot be made to depend upon whether he had forced himself into the tent. Every instinct of humanity revolts at such a suggestion.

For this error the judgment will be reversed, and a new trial ordered.

GRANT, C. J., MOORE and LONG, JJ., concurred. HOOKER, J., did not sit.

### ON REHEARING.

MONTGOMERY, J. An opinion in this case was handed down September 27th last. *Ante*, 385. A rehearing has been granted on the suggestion of counsel that two questions not considered in our former opinion are likely to arise on a new trial. These questions are: *First*, whether testimony that the plaintiff had attended a previous exhibition, at which a large firecracker was exploded, was admissible for the purpose of showing that plaintiff assumed the risk of such an explosion as took place; and, *second*, whether evidence showing the intoxication of the plaintiff on the occasion of the injury and on previous occasions was admissible.

1. The testimony that plaintiff was present at a former exhibition did not tend to show that any explosion of the firecracker which then took place was a dangerous one. No injury occurred on this occasion. The plaintiff and all others attending the performance had the right to assume that the defendant would exercise due care, proportioned to the consequences which would be likely to arise from a failure in its exercise, to provide against dangerous explosions. The fact that a previous explosion, which had no injurious consequences, had been witnessed by plaintiff, does not justify the inference that the plaintiff had reason to anticipate injurious consequences on the occasion in question. On the contrary, the plaintiff still had the right to assume that the defendant would use such care as the law casts upon him to see that the appliances used were reasonably safe.

2. The testimony as to plaintiff's intoxication at the time of the injury was competent as part of the *res gestœ*. *Williams* v. *Edmunds*, 75 Mich. 92. The testimony as to his intoxication on other occasions was admissible as bearing on the question of his capacity to earn money, but for no other purpose. *Kingston* v. *Railway Co.*, 112 Mich. 40, 45 (40 L. R. A. 131).

GRANT, C. J., MOORE and LONG, JJ., concurred. HOOKER, J., did not sit.