JOHN SEBECK, PLAINTIFF IN ERROR, v. THE PLATT-
    DEUTSCHE VOLKFEST VEREIN, DEFENDANTS IN
    ERROR.

Argued March 8, 1900—Decided June 18, 1900.

The owner of a private park who invites the public to it for the purpose
    of looking on at an exhibition of fireworks is not relieved from all
    responsibility for the safety of his guests by reason of the fact that
    the exhibition is to be given not by himself but by an independent
    contractor.  He is bound to use reasonable care to provide them with
    a safe place from which to view the exhibition.  He is further bound,
    in making his contract, to use care to select a skillful and compctent
    person to give the exhibition.

On error to the Hudson Circuit Court.  Tried at the
Hudson Circuit, April Term, 1899, before Mr. Justice Lip-
pincott and a jury, and a judgment of nonsuit ordered.

For the plaintiff in error, *John I. Weller.*

For the defendants in error, *Charles L. Carrick* and *Rudolph
F. Rabe.*

The opinion of the court was delivered by

GUMMERE, J.  On August 21st, 1898, the defendants held
a festival at its Schuetzen Park, in Hudson county, to which
the attendance of the public was invited, an admission fee of
twenty-five cents being charged to each person who attended.
Among other attractions, an exhibition of fireworks was given
in the evening by one Gerhardt, a manufacturer of fireworks,
under a contract with the defendant by which the providing
of the fireworks and the conducting of the exhibition was left
entirely in his hands.  The plaintiff, who was present as a
spectator, having paid the required admission fee, was watch-
ing this exhibition, and while he was doing so a bomb ex-
ploded in a sheet-iron mortar in which it had been placed for
the purpose of throwing it into the air.  The explosion caused

the mortar to burst, and one of the flying fragments struck the plaintiff in the neck, injuring him quite severely, and another struck him on the hand. At the time of the accident the plaintiff was standing in the middle of a crowd and about one hundred feet away from the place where the bomb exploded. No rope or other barrier was stretched around that part of the grounds where the fireworks were being exploded, for the purpose of keeping the crowd back a safe distance, but the members of the defendant's amusement committee, in co-operation with the police who were upon the grounds, were stationed about or around the place for the purpose of keeping the crowd back.

The plaintiff, having sued to recover for the injuries received by him, was nonsuited by the trial court, and now seeks to have that judgment set aside.

The grounds upon which the nonsuit was directed were that the defendants were not liable because the exhibition of fireworks was not given by them, but by an independent contractor; and further because, even if the defendants were chargeable with the duty of seeing that due care for the safety of spectators was used while the display was in progress, there was nothing in the evidence which would support the conclusion that they had not fully performed that duty.

We cannot yield to the view that the defendants were entirely relieved from responsibility for the safety of the persons in attendance upon its festival, because this exhibition was given by an independent contractor. Having invited the public to its park, it was chargeable with the duty of using reasonable care to see that the premises were kept in a safe condition for the use of its guests; and if the exhibition, although given by an independent contractor, was of a character to jeopardize the safety of those who were present on the defendants' invitation, the duty was cast upon the latter of taking due precautions to guard against injury.

We, however, have been able to find nothing in the evidence which will justify the conclusion that the injuries of the plaintiff resulted from the failure of the defendants to properly

perform any duty which it owed to him for his protection. The plaintiff insists that it was the duty of the defendants to have erected a barrier around the place where the fireworks were being set off, and that it was the failure to perform this duty which made the accident to the plaintiff possible. If by "a barrier" the plaintiff means an obstruction which would have prevented spectators from approaching dangerously near to the place where the fireworks were being set off, the erection of such a barrier at a distance of not less than thirty yards away would have amply discharged the defendants' duty in that regard, so far as anything in the case shows. But the absence of such a barrier had nothing to do with the bringing about of the accident to the plaintiff, for, as has already been stated, he was more than thirty yards away from the exploding bomb at the time of his injury.

If, on the other hand, the plaintiff means by "a barrier" something which would have acted as a shield to protect spectators from danger resulting from the premature explosion of fireworks, or from their being sent off in the wrong direction, no such duty was cast upon the defendants. By erecting such a barrier they would have destroyed the very object of the exhibition, for a barrier of that kind, in order to afford perfect protection, would necessarily interfere with the view of those present of all fireworks which were not thrown into the air. Dangers which result to the spectators at an exhibition of the kind given by Gerhardt from the absence of such a safeguard, must, in the very nature of things, be assumed by them.

That the premature explosion of the bomb in question resulted either from carelessness in its construction or in setting it off can fairly be presumed from the testimony; but for such carelessness the defendants are not responsible. Their duty in that regard was limited to the use of reasonable care in selecting, as the person with whom to make their contract, one who is skilled in the manufacturing of fireworks and conducting exhibitions thereof, and the evidence clearly shows that they fully discharged this duty in the selection of Ger-

hardt.    Assuming that the accident resulted from such care-
lessness as has been recited, the blame for it attaches, not to
the defendants, but to Gerhardt.

The plaintiff contends that the discharge of fireworks at
the defendants' park was in violation of section 2 of "An act
to prevent the vending, burning or exploding of firecrackers,
squibs, turpentine balls or fire serpents" (*Gen. Stat., p.*
1478), which makes it unlawful to burn, explode or throw
any of the articles enumerated.    It is enough to say that,
even if it be admitted that this statute prohibits the acts
specified as well upon private property as upon public places
(which is at least doubtful) the particular kind of firework
which produced the plaintiff's injury is not embraced in, and
its setting off is not prohibited by, the statute appealed to.

The judgment under review is affirmed.

*For affirmance*—MAGIE (CHANCELLOR), DEPUE (CHIEF
JUSTICE), VAN SYCKEL, DIXON, GARRISON, GUMMERE,
LUDLOW, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH,
VOORHEES.    12.

*For reversal*—None.