NELLIE WILLIAMS, Appellant, v. THE MINERAL CITY PARK ASSOCIATION, Appellee.

**Negligence:** INSTRUCTION. Where plaintiff, occupying a seat in 1 an amphitheater was injured by the fall of a substance from a band platform above, which it is contended was not provided with a suitable enclosure, an instruction that if ordinary care for the protection of those below required an enclosure of the platform, failure to provide it was negligence, and if by reason of such negligence plaintiff was injured she could recover, was proper, as the issue presented was one of fact.

**Same.** The question of defendant's failure to exercise due care 2 and control over the use of the band platform was also properly submitted to the jury.

**Same.** An instruction directing that defendant company was liable 3 for the negligence of its officers, was not erroneous because omitting reference to the negligent acts of its agents, servants and employés, where the court's attention was not called to the omission by a request for further instructions.

**Negligence of servant:** LIABILITY OF MASTER: INSTRUCTION. The 4 negligence of a servant for which the master is liable to a third person is some act or omission to act within the scope of his employment; so that where there was evidence that members of a band engaged to furnish music for a public

amusement were drinking beer and negligently dropped a bottle which injured plaintiff, an instruction to the effect that if the jury found such to be the fact plaintiff could not recover of defendant, was correct.

Amusements: PATRONS: CARE OF OWNER. The owners and managers of places of exhibition and amusement are held to an exercise of reasonable care for the protection and safety of their patrons.

Costs: AMENDMENT TO ABSTRACT. Where an amendment to appellant's abstract supplies material omissions, the costs will not be taxed to appellee.

*Appeal from Webster District Court.*— HON. J. R. WHITAKER, Judge.

WEDNESDAY, MARCH 8, 1905.

ACTION at law to recover damages on account of personal injury. Verdict and judgment for defendant, and plaintiff appeals.— *Affirmed.*

*M. E. Mack* and *J. B. McCrary,* for appellant.

*Healy Bros & Kelleher,* for appellee.

WEAVER, J.— The defendant association is a corporation under whose management and direction a place or field for public amusement has been established at or near the city of Ft. Dodge, Iowa. Within this inclosure is erected a so-called " grand stand " or amphitheater containing benches or seats for the accommodation of the people attending the races and other exhibitions there given. Over the central portion of this amphitheater, at a height of some twenty-five feet, is a platform intended to be occupied by a band of music. This platform was inclosed by a rail two by four inches in size extending around the four sides about three and one-half feet from the floor. On three sides, near the rail, were benches for the accommodation of the mu-

sicians. Except as described, the platform was inclosed
by no barrier or netting to guard against the fall of any
substance or article from the platform upon the audience
seated below. An entrance fee was collected from visitors
for admission to the grounds, and an additional fee for a
seat in the amphitheater. Upon the day in question certain
races had been provided by the defendant, to which, by the
usual methods of advertising, the public was invited. The
plaintiff attended the entertainment, paid the usual charges
for admission to the ground and to the amphitheater, and
was given a seat below the band platform. While sitting
in the place thus provided, and without any apparent fault
on her part, a quart bottle was dropped or fell from 'the
platform upon the head of the plaintiff, resulting, it is
alleged, in her serious injury. The plaintiff's petition sets
out these facts, and charges the defendant with negligence
(1) in constructing the platform without netting or other
barrier to guard against such injuries to persons seated be-
low; and (2) in giving the plaintiff a seat under said plat-
form, when, in the exercise of due care, it should have
known and provided against the danger to which she was
thus exposed.

There was evidence tending to show that on one or
more occasions during the day, and prior to the accident,
bottles of some kind had been seen upon the platform floor,
and it is the theory of the appellant that the bottle by which
she was hurt rolled or was in some manner crowded or
pushed from said floor. No one testifies to seeing anything
of this kind, but it is sought to be inferred from the facts
above stated. On the other hand, a witness for the de-
fendant testifies to having seen a member of the band
pick up from the floor two quart bottles, and in attempting
to hold them on the rail with one hand, while he reached
for a third with the other hand, a bottle slipped from his
grasp, and fell over the rail. The witness, who was also
a member of the band, immediately went below, and learned

that plaintiff was injured, evidently by the bottle which he had seen fall.

I. Appellant's counsel have given considerable attention in argument to the measure of duty incumbent upon the defendant to provide and care for the safety of persons

1. NEGLIGENCE: attending its exhibitions, to which the public is instructions. invited. For the purposes of this case, most of the propositions advanced on this subject may be admitted. We find, however, by reference to the record, that, generally speaking, the trial court adopted the theory now contended for as regards the law of negligence, and instructed the jury accordingly. For instance, it is the claim of counsel that due care on part of the defendant required the inclosing of the space between the rail above referred to and the floor of the platform with boards, or netting, or other barrier, and that such protection, if provided, would have prevented the accident to plaintiff. Now, the trial court distinctly instructed the jury that, if ordinary care for the protection of the people below required the use of any such device, the failure to provide it was negligence, and if, by reason of such negligence, plaintiff was injured, she was entitled to a verdict. This instruction seems fairly and fully to cover the entire contention of the appellant on this branch of the case. It is not, and could not well be, intended that the failure to provide the barrier was negligence as a matter of law. If that be true, the court could do no more than to instruct, as it did instruct, and leave the question to the determination of the jury. The jury found the fact against the plaintiff, and we cannot say that the verdict is without support in the testimony.

II. It is further claimed that defendant was negligent in failing to exercise such care and control over the use and

2. SAME. occupancy of the band platform as was required for the safety of persons seated below. There is evidence tending to show that dealers in various

kinds of liquids were permitted to carry their wares to persons on the band platform, and that bottles of such kind were seen on the floor; and it is said that due care on the part of defendant required it to keep the platform clear of such obstructions.  In this, as in respect to the other charge of negligence, we have to say that the question thus presented was for the jury, and was fairly submitted to their consideration.

It is argued that an instruction which told the jury that defendant would be liable for the negligence of its officers is erroneous, because it did not refer to the acts of its agents, servants, and employés, as well as its officers.  The instruction being unquestionably right as far as it went, and plaintiff having failed to call the court's attention to the further proposition now suggested, there is no ground to allege error.  *Wimer v. Allbaugh,* 78 Iowa, 79; *Churchill v. Gronewig,* 81 Iowa, 449; *State v. Viers,* 82 Iowa, 397; *Wheelan v. R. R.,* 85 Iowa, 167.

**3. SAME.**

Complaint is made of an instruction to the effect that, if members of the band were drinking beer on the platform, and one of them carelessly dropped the bottle which injured the plaintiff, the defendant would not be liable.  Counsel profess to believe this charge was " grossly unfair, very misleading, and injects something into the case not alleged or proven by either party, and takes away from the jury one of the vital points in the case."  We do not so view it.  There was evidence from which it might be found that beer was being consumed by some persons in and about the stand, and that the instrument of plaintiff's injury was a beer bottle.  Certainly, the mere fact that a member of the band, whether he was the employé of the defendant or of the band director, carelessly dropped a bottle upon the plaintiff, would not sustain a charge of negligence against the defendant.  The negligence of the servant for which the master must respond to

**4. NEGLIGENCE OF SERVANT: liability of master; instruction.**

a third person is negligence in some act, or failure to act, within the scope of his employment. This is elementary, and requires no citation of authorities. So far as the record shows, the employment of the band was for no other purpose than to provide music for the occasion, and ordinarily, at least, the relation of beer to harmony of sound is not so obvious or necessary that the passing of bottles between members can be said to be within the scope of a musician's employment. We are unable to see how the instruction complained of could in any manner have prejudiced the plaintiff's case. Exceptions are taken to other instructions, but we cannot notice them in detail without unduly prolonging this opinion. We have examined them all, and find no error.

We are not sure that we quite understand the proposition of counsel that " the obligation of care and control by defendant over its seats in the amphitheater and the right of its patrons to use them in safety extends upward indefinitely for the purpose of their use and enjoyment, and the duty of defendant is commensurate with this obligation." If thereby it is meant to say that in the erection of buildings, stands, platforms, and other elevated structures upon grounds to which the public is invited the defendant must use reasonable care not to create or permit conditions which endanger the persons of visitors who are in their proper place, or in seats provided for their use, there can be no dispute of the correctness of the statement. We think, however, that this principle, so far as applicable, was fairly embodied in the instructions. As bearing upon the degree of care which the law imposes upon the owners and managers of exhibitions and places of amusement, the decided cases are not numerous, but, so far as the courts have expressed themselves, it appears to be settled that reasonable care in such cases is the measure of duty. We are therefore not prepared to accept counsel's contention that, when " plaintiff placed her person

5. AMUSEMENTS: patrons; care of owner.

in defendant's hands for a consideration" it. created "a sort of bailment, just as if she had placed herself in a railroad's hands as passenger." It would require too much ingenuity to adjust the law of bailments to the implied contract which arises between the proprietor of a place of public amusement and the visitor who attends such place upon the proprietor's invitation; and the undertaking of such a proprietor is not so similar to that of a common carrier of passengers as to call for an application of the same rule of responsibility. As holding to the rule of reasonable care in such cases, see *Hart v. Washington Park,* 157 Ill. 9 (41 N. E. Rep. 620, 29 L. R. A. 492, 48 Am. St. Rep. 298); *Fox v. Buffalo Park,* 47 N. Y. Supp. 788; *Lane v. Society,* 62 Minn. 175 (64 N. W. Rep. 382, 29 L. R. A. 708); *Herrick v. Wixom,* 121 Mich. 384 (80 N. W. Rep. 117); *Scofield v. Wood,* 170 Mass. 415 (49 N. E. Rep. 636); *Dunn v. Society,* 46 Ohio St. 93 (18 N. E. Rep. 496, 1 L. R. A. 754, 15 Am. St. Rep. 556); *Mastad v. Brethren,* 83 Minn. 40 (85 N. W. Rep. 913, 53 L. R. A. 803, 85 Am. St. Rep. 446); *Railway Co. v. Moore's Adm'r,* 94 Va. 493 (27 S. E. Rep. 70, 37 L. R. A. 258); *Thompson v. R. R.,* 170 Mass. 577 (49 N. E. Rep. 913, 40 L. R. A. 345, 64 Am. St. Rep. 323); *Sebeck v. P. V. Verein,* 64 N. J. Law 624 (46 Atl. Rep. 631, 50 L. R. A. 199, 81 Am. St. Rep. 512).

Counsel for appellee have dwelt at some length upon the theory that the band, or its director, is to be considered as an independent contractor, which had undertaken to furnish the music for defendant's exhibition, and that the latter cannot be held liable for any negligence of the former. The rule contended for is certainly not correct in all cases (see *R. R. Co. v. Moore's Adm'r, supra; Sebeck v. P. V. Verein, supra*), though it would doubtless be applicable under some circumstances. The case before us may readily be disposed of without passing upon that branch of the discussion, and we shall not attempt to do so.

The record before us presents a controversy which is

almost wholly one of fact for the consideration of the jury. It has been so considered, and it is not within our province to disturb the verdict.

Appellants have filed a motion to tax the appellee with the cost of an amended abstract filed by it in this court. An 6. COSTS: examination of the amendment indicates that amendment to abstract. it supplies some material omissions from the principal abstract, and the motion is overruled.

The judgment appealed from is *affirmed*.