PHELPS v. HAMLETT. (No. 8936.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 23, 1918.)

NEGLIGENCE 39—LIABILITY OF LESSEE OF PREMISES—DANGEROUS DEVICES—TRAPS.

A lessee of an unused open air theater attractive to children, who places a bomb containing explosives therein, so that it may be set off by electric contact on opening the door, is liable for injuries to a child caused by the explosion of the bomb, although the person injured was a trespasser.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Action by Milton Phelps, by next friend, W. H. Phelps, against J. E. Hamlett. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Mahaffey & Fulwiler, of Abilene, for appellant.

Hickman & Whitten, of Abilene, for appellee.

CONNER, C. J. Milton Phelps, a minor of about 12 years of age, instituted this suit, by his father as next friend, to recover of the appellee damages in the sum of $20,000.

It was alleged that on or about the 3d day of May, 1917, the defendant, Hamlett, was the lessee of certain property described in the petition as situated in the city of Abilene and used as an airdome or picture show and theater. The petition described the airdome as inclosed with walls only, and with doors or entries thereto, and alleged that the theater had not been used for some time, and that the place was attractive for children, and that many children and other persons frequented the place for pleasure and other purposes, which fact was well known and understood by defendant; that about the time above stated, defendant, Hamlett, ˙with full knowledge of the facts and circumstances, negligently, recklessly, intentionally, and maliciously set, placed, and fixed, and caused to be set, placed, and fixed on and under the floor of the stage of the theater, a bomb or device, made and constructed of iron pipe and loaded and charged with dynamite, powder, nitroglycerin, or some kind of high and dangerous explosive; that said bomb was so placed as to be concealed and attached to an electrical device in such manner as that persons opening the door leading into said theater would, by that act, ignite and set off said charge contained in said bomb and cause same to explode.

It was further alleged that on or about the time stated Milton Phelps, without knowledge that the defendant had placed or caused to be placed said bomb or device, and without knowledge of any danger existing in said place, started to enter said airdome, and that when he opened the door leading into it said bomb or device was set off and exploded and a large piece of jagged iron was, by the force of explosion blown through the upper portion of his right thigh, causing a serious wound, much pain, etc., as is particularly described in the. petition.

The defendant answered by general and special demurrer, contributory negligence, and general and special denials.

The case came on for ·trial before a jury and upon the conclusion of the plaintiff's evidence the court instructed a verdict for defendant, judgment was so rendered, and plaintiff has appealed therefrom.

The reason for the peremptory instruction as recited in the court's judgment was that under the plaintiff's pleading and evidence he had "wholly failed to establish a case against the defendant." We find that we

must differ very decidedly from the conclusion of the trial court. The plaintiff's evidence may be stated in a general way to support the allegations of his petition. It is undisputed that appellee was the lessee of the property described in plaintiff's petition, and that he authorized, as he himself testified, one of his employés to prepare and place the bomb for the purpose, as other evidence tends to show, of preventing unauthorized persons from entering the airdome inclosure. Under the evidence there can be no question but that the bomb was so charged and placed as to become very dangerous, and that when exploded it did, in fact, inflict a very grievous and permanent wound upon the minor plaintiff.

From the evidence it seems that numerous persons, including children, had been in the habit of trespassing upon the airdome premises, and the fact of the manufacture and placing of the bomb in question is evidence that defendant had in contemplation the entry of persons at the very door that plaintiff attempted to enter, and that upon such entry the bomb would explode. It is no defense to such action and purpose to say that the minor was a trespasser. That may be conceded. While the law authorizes an owner to protect his property by such reasonable means as he may find to be necessary, yet considerations of humanity preclude him from setting out, even on his own property, traps and devices dangerous to the life and limb of those whose appearance and presence may be reasonably anticipated, even though they may be trespassers. See 1 Thompson on Negligence, § 964; 29 Cyc. 444; Grant v. Hass, 31 Tex. Civ. App. 688, 75 S. W. 342; Hooker v. Miller, 37 Iowa, 613, 18 Am. Rep. 18; Herrick v. Wixom, 121 Mich. 384, 80 N. W. 117, 81 N. W. 333.

We conclude that the judgment must be reversed and the cause remanded, because of error in the court's charge.

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes