Lausterer et ux., v. Dorney Park Coaster Company, Inc., Appellant.

Argued April 16, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*Robert E. Haas* and with him *Harvey H. Steckel,* for appellant.

*Horace Heydt* of *Dewalt & Heydt,* for appellee.— The operator of an amusement device is bound as a common carrier to use the highest degree of care and watchfulness for the safety of patrons. Retrie v. Kauffmann & Baer Co., 291 Pa. 211; Bickley v. P. & R. Rwy. Co., 257, Pa. 369.

OPINION BY BALDRIGE, J., July 21, 1930:

Beatrice May Lausterer, a sixteen year old girl, and her sister, on July 24, 1926, at about 7:30 in the evening, became passengers on a roller coaster operated at Dorney Park, in Lehigh County. They occupied the rear of the three seats in the car and in the course of the trip, Beatrice May fell out, and death resulted. The parents brought this action alleging that the defendant company was negligent in that it failed to have the cars equipped with safety straps or side bars so that passengers would be properly protected.

The only assignment of error is to the court's refusing to enter judgment for defendant n. o. v. This appeal involves the consideration of the (1) alleged contributory negligence of the deceased girl, and (2) sufficiency of the proof of the defendant's negligence.

The defendant claims that the decedent was guilty of contributory negligence as she got up to fix her dress when the car was in motion, and that her action in so doing was the primary cause of the accident. The decedent's sister testified, positively, in her direct-examination, that her sister did not stand up, but that she momentarily raised herself a few inches to adjust her clothing and then resumed her seat. It is true that on cross-examination the witness answered "yes" to the question asked if her sister fixed her dress and fell out as she sat down, but this witness was acquiescing to the language used by the cross-examiner which was not in accordance with her own description of the way the accident occurred.

The court submitted to the jury the question of contributory negligence of the deceased girl and gave instructions that if they found her falling was due to standing up and a failure to exercise ordinary care under the circumstances, their verdict should be for the defendant. The presumption of law is that the deceased was exercising due care. The plaintiffs were not required to disprove contributory negligence, but only to make out a case clear of it, and if part of the testimony indicated that the deceased was guilty of contributory negligence and another portion that she was not, then the question was for the jury's determination: Martin v. Southern Pa. Traction Co., 261 Pa. 96. The appellant forcibly argued that it was a physical impossibility, owing to the height and width of the car, for the girl to have fallen, if she had remained seated. The sister stated in direct-examination that the deceased fell as the car was going down the incline, but on cross-examination she said "that as far as I can remember, it (when the deceased fell out) was one-half way up the third dip." Although there was no evidence that the girl had suffered from faintness, dizziness, or other illness, it is quite possible that one riding on a contrivance of this character, which had for one

of its main purposes the giving of thrills, might be thus overcome. We think that under the facts in this case, the jury from their general knowledge applied to the evidence could have reached the conclusion that she fell owing to the absence of side bars or other appropriate guards.

We think the lower court very properly submitted the question of the defendant's negligence to the jury, but we do not assent to the court's view that the defendant company, as it sold tickets which entitled the purchasers to ride a certain route, was a common carrier, or at least bound by the rules of law which regulate the liability of common carriers, and to the instructions to the jury that "it follows that when an accidents occurs in the operation of a contrivance of this kind mentioned, that the mere happening of the accident itself raises prima facie a presumption of negligence." It is true there are cases holding that the operator of an amusement device is bound as a common carrier to use the highest degree of care and watchfulness for the safety of patrons: O'Callaghan v. Dellwood Park Co., 242 Ill. 336, 89 N. E. 1005; Higgins v. Franklin County Agric. Soc., 185 Me. 565, 62 Atl. 708; 3 L. R. A. (N. S.) 1132.

Our Supreme Court has held that where one invites the public to come upon his premises, ordinary care only is required under the circumstances, but this care increases with the danger involved: Ryan v. Woodbury Granite Co., 266 Pa. 105; Lineaweaver v. Wanamaker, 299 Pa. 45. The standard of care required of an owner of an amusement appliance, however, has not been determined in Pennsylvania insofar as we have been able to discover, but the prevailing rule in other jurisdictions is that his responsibility to his patrons is not that of a common carrier of passengers. He is required to exercise only the degree of care that would be expected of an ordinarily careful and pru-

dent person. The more hazardous the amusement, the greater is the caution required; the care must be commensurate with the risk involved: Williams v. Mineral City Park Assn., 128 Ia. 32, 102 N. W. 783, 111 A. S. R. 185, 5 Ann. Cas. 924 and note, 1 L. R. A. (N. S.) 427; Scott v. University of Mich. Athletic Assn., 152 Mich. 684, 116 N. W. 624, 125 A. S. R. 423, 15 Ann. Cas. 515, 17 L. R. A. (N. S.) 234; Wells v. Minneapolis Baseball Assn., 122 Minn. 327, 142 N. W. 706, Ann. Cas. 1914D 922, 46 L. R. A. (N. S.) 606; Phillips v. Butte Jockey Club, 46 Mont. 338, 127 Pac. 1011, 42 L. R. A. (N. S.) 1076; Greene v. Seattle Athletic Club, 60 Wash. 300, 111 Pac. 157, 32 L. R. A. (N. S.) 713; 26 R. C. L. 714; Barrett v. Lake Ontario Beach Improvement Co., 66 N. E. 968; Brown v. Rhoades, 137 Atl. 58; 53 A. L. R. 834; Mather v. Rillston, 156 U. S. 391.

In Thompson's Work on Negligence, Vol. 1, Section 996, in discussing the degree of care required of the owners of public amusements, the writer says, ''The duty assumed by the owners of places to which the public thus resort in large numbers is manifestly analogous to that which the law imposes upon carriers of passengers. Nevertheless it has been measured by the standard of ordinary care. Doubtless the true theory is that such persons assume the obligation- of exercising reasonable care, and that what will be reasonable care will be a degree of care proportioned to the danger incurred, and to the number of persons who will be subjected to that danger.''

A strict measure of duty is required, therefore, of the operator of a roller coaster, as that is an inherently dangerous device, with its inclines, dips, sharp curves, and high speed, which demands care depending on the danger to be avoided.

It is true that the owners of elevators and escalators are deemed common carriers and are bound to the

highest degree of care in the construction of the cars and in the carrying of passengers: Fox v. Philadelphia, 208 Pa. 127; Petrie v. Kaufman and Baer Co., 291 Pa. 211. See also Strobel v. Park, 292 Pa. 200. In our modern life, people trust themselves freely to elevators, as they are generally regarded, and apparently are, entirely safe, and are practically indispensable to a large number of people who from necessity use them. The courts accordingly have wisely extended the doctrine of a more rigorous responsibility to their construction and use. But amusement appliances come under a different category, although under some circumstances the degree of care required may be just as high. It is common knowledge that the character, construction and risk of such appliances greatly vary. Some of them have evident elements of danger, others practically none, and their use is entirely optional; certainly not requisite to ordinary life.

It follows that it was the duty of the defendant, who invited the public to use its roller coaster upon payment of a fare, to take all the precautions to prevent any accident that might reasonably be anticipated in its use. It is conceded that there were no safety straps or side guards on the car out of which the deceased fell. There was competent testimony offered on the part of the plaintiffs that other roller coasters, although not all of them, are equipped with safety straps. Whether or not it was negligence in the failure to provide such protection, considering the character of the construction of this instrumentality, its use, and all other circumstances, should not have been determined as a matter of law.

As there was no objection to the trial judge's charge and as we are confined on this record to the consideration only of the sufficiency of the evidence for the jury to find for the plaintiff, this appeal cannot be sustained.

Judgment is affirmed.