ANNA McBRIDE ET AL., PLAINTIFFS-RESPONDENTS, v. MARYLAND CASUALTY COMPANY ET AL., DEFEND-ANTS-APPELLANTS.

Argued October 22, 1941—Decided January 9, 1942.

For the defendant-appellant Maryland Casualty Company, *Charles Schmidt (James A. Major,* of counsel).

For the plaintiffs-respondents, *Durand, Ivins & Carton.*

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment entered in the Supreme Court, on a verdict rendered at the Monmouth Circuit by a jury, in favor of the plaintiffs against the defendant Maryland Casualty Company.

The plaintiff Anna McBride was injured by an exploding rocket at a public display of fireworks in charge of the defendant David Calvano at Sprink Lake, New Jersey, July 4th, 1938.

The sale, exposure for sale, use, distribution or possession of fireworks or pyrotechnics in the State of New Jersey, except as provided in the statute, is declared by the legislature to be against the public health, safety and welfare of the people of the state. (Chapter 51, section 1, *Pamph. L.* 1937 (*R. S.* 21:3-1)), and are prohibited except that the governing body of any municipality, other than a county, upon application in writing and upon the posting of a suitable bond, may grant a permit for the public display of fireworks by designated organizations or individuals under certain conditions named in the statute. (*R. S.* 21:3-2-3-4.)

*R. S.* 21:3-5 (chapter 51, section 5, *Pamph. L.* 1937) describes the requirements of the bond to be furnished by the licensee as follows:

"The governing body of the municipality shall require a bond deemed adequate by the municipality from the licensee in a sum not less than twenty-five hundred dollars conditioned for the payment of all damages, which may be caused either to a person or persons or to property, by reason of the display so as aforesaid licensed, and arising from any acts of the licensee, his agents, employees or subcontractors. Such bond shall run to the municipality in which the license is granted, and shall be for the use and benefit of any person, persons, or the owner or owners of any property so damaged, who is or are authorized to maintain an action thereon, or his or their heirs, executors, administrators, successors or assigns."

David Calvano, a manufacturer and exhibitor of fireworks, made his application for a permit to display fireworks at Spring Lake and furnished a bond as required by the statute, whereby he, as principal and the Maryland Casualty Com-

pany, as surety, were held and bound unto the Borough of Spring Lake in the sum of $2,500 lawful money of the United States of America to which payment, well and truly to be made, they bound themselves, their "successors and assigns, jointly and severally, firmly by these presents." The condition of the bond reads as follows:

"That whereas *David Calvano* has applied to the governing body of the *Borough of Spring Lake, New Jersey,* for a permit for the public display of fireworks on July 4th, 1938, and will comply with all the provisions of Chapter 51 of the Laws of 1937, State of New Jersey, and in consideration thereof, the Principal and Surety hereby covenant and agree that they will pay all damages which may be caused either to a person or persons or to property, by reason of the display so as aforesaid licensed, and arising from any acts of the licensee, his agents, employees, or subcontractors, which obligation shall be for the use and benefit of any person, persons, or the owner or owners of any property so damaged, who is or are authorized to maintain an action, or his or their heirs, executors, administrators, successors and assigns."

Instead of bringing their suit in the first instance on this bond, the plaintiffs, Anna McBride and John McBride, her husband, brought suit against the said David Calvano alone, asking damages of $25,000 for the plaintiff Anna McBride and $5,000 for her husband. This suit was in tort and based upon the alleged negligence of the said David Calvano and resulted in a judgment in his favor and against the plaintiffs.

Thereupon, the plaintiffs brought the present suit in contract on the bond, against Calvano and the Maryland Casualty Company. Calvano was made a party defendant but was not served with process. The plaintiff Anna McBride contended, and the trial court so held, that upon proof that she was injured as a result of the fireworks display, concededly conducted by Calvano, she was under no obligation to prove negligence or fault on the part of Calvano to entitle her to recover from the Maryland Casualty Company which executed the bond in question.

The jury found a verdict against the defendant Maryland Casualty Company and in favor of the plaintiff Anna McBride

for $1,500 and in favor of her husband for $1,000 and the appellant, Maryland Casualty Company, brings this appeal from the judgment entered on said verdict.

The appellant argues two points for reversal:

1. That the trial court erred in denying its motion for a directed verdict.

2. That the court erred in refusing to admit in evidence *Exhibit D*-1, which was the record of the proceedings in the previous case.

The two points are so interrelated that they may be disposed of together.

Appellant says that the point to be argued is whether the statute does in fact create a cause of action founded on absolute liability irrespective of fault. Appellant argues for the negative of this proposition and points out that our law is administered on the theory if a defendant is at fault he must pay damages, otherwise not; citing Chief Justice Beasley in *Marshall* v. *Welwood,* 38 *N. J. L.* 339, that: "The common rule, quite institutional in its character, is that, in order to sustain an action for a tort, the damage complained of must have come from a wrongful act." Appellant also cites the following fireworks cases: *Reisman* v. *Public Service Corp.,* 82 *N. J. L.* 464; 81 *Atl. Rep.* 840; *Sebeck* v. *Plattdeutsche Volkfest Verein,* 64 *N. J. L.* 624; 46 *Atl. Rep.* 631; *Robinson* v. *Unexcelled Manufacturing Co.,* 104 *N. J. L.* 589. These cases are all based upon negligence. The gravamen of the complaint in the instant case is breach of contract. It is a suit on a bond the language of which is clear and unequivocal. Appellant's quotations from the common law and the fireworks cases do not apply. They were enunciated prior to and have no relevancy to the particular statute in question.

The bond sued on follows almost literally the language of the statute. There is nothing in the bond to indicate that it should be construed as applicable only to liability caused by negligence. Neither the word "negligence" nor any word synonymous therewith appears in the bond. It is in substance and effect an accident insurance policy, payable for damages caused to a person or to property by reason of the display

of fireworks and the plaintiffs are entitled to prosecute it just as employees may prosecute suits on workmen's compensation policies, when the employee is injured, with or without negligence. It is not the province of this court to alter a contract by construction or to make a new contract for the parties: its duty is confined to the interpretation of the one which they have made for themselves, without regard to its wisdom or folly, as the court can not supply material stipulations or read into the contract words which it does not contain. 13 *Corp. Jur.* 525.

The words of the statute and the bond are both free from all ambiguity. The fact that Mrs. McBride was injured by the display of the fireworks, that her husband expended moneys and was otherwise injured thereby is admitted. No fraud is alleged nor is the constitutionality of the statute questioned. The bond itself clearly indicates that it was given to assure compliance with the statute, so that there can be no question of misunderstanding on the part of the appellant of the purpose and purport of the bond.

Appellant contends under point 2 that it was error for the trial court to exclude *Exhibit D*-1 (the proceedings in the previous case) because it proved conclusively that Calvano, the principal, had been exonerated from liability and that this exonerated appellant as surety and the plaintiffs' cause of action was thereby barred under the theory of *res adjudicata*. As indicated by what we have said before, we do not think that an action against the Surety Company on its contract whereby it is obligated with its principal, jointly and severally, is barred by decision in the previous suit brought against the principal alone and based on his negligence. They are two different causes of action. Nor do we think plaintiffs were required in the present suit to proceed against Calvano. The contract of the Casualty Company is its primary obligation and plaintiffs may proceed against either or both obligors on the bond.

We think therefore that *Exhibit D*-1 was properly excluded.

Appellant further contends that under no construction of either the bond or the statute can the plaintiff John McBride recover in this suit on the bond, the condition whereof is to

pay all damages caused either to a person or property; that the husband suffered no injury to his person or to his property. We hold a contrary view. The medical expenses and other kindred damages incurred by the plaintiff husband as a result of the injuries to his wife occasioned by the display of fireworks are damages for which we think he is entitled to be compensated.

We find no merit in any of the grounds of appeal urged by appellant and the judgment of the Supreme Court in favor of the plaintiffs is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.