RICHARD B. TEITELMAN, Judge,
dissenting.
I respectfully dissent from the holding that the trial court erred in instructing the jury that Cedar Fair’s liability should be assessed using the highest degree of care standard for negligence. While Ms. Chavez freely chose to ride the Hurricane Falls water slide, it is also true that Cedar Fair invites its customers to ride the 680-foot-long slide and that the slide is under Cedar Fair’s complete control as the owner and operator of the slide. Given Cedar Fair’s complete control and Ms. Chavez’s complete lack of control, Cedar Fair should be held to the highest standard of care.
The principal opinion relies on McCollum v. Winnwood Amusement Co., 332 Mo. 779, 59 S.W.2d 693 (1933), for the proposition that amusement park proprietors owe a duty of ordinary care. McCol-lum does not stand for the proposition that ordinary care is the exclusive standard of care for amusement park proprietors. To *302 the contrary, just five years before McCollum was decided, this Court noted that, while amusement park proprietors generally owe patrons a duty of ordinary care, the general rule yields to the specific activity at issue. Berberet v. Electric Park Amusement Co., 319 Mo. 275, 3 S.W.2d 1025, 1029 (1928). While ordinary care is the starting point, the appropriate standard of care in a particular case is “a care commensurate with the particular conditions and circumstances involved in the given case.” Id.
In this case, Ms. Chavez alleged that her injuries were caused by Cedar Fair’s negligent operation of the Hurricane Falls water slide and, further, that she was dependent on Cedar Fair for her safety because Cedar Fair controls the slide as both owner and operator. Under these circumstances, I would hold, consistent with previous cases from Missouri and elsewhere, that the trial court did not err in instructing the jury that Cedar Fair had a duty to operate Hurricane Falls with the highest degree of care.[1]

. The Missouri Court of Appeals applied the highest standard of care in the following amusement park cases: Gromowsky v. Ingersol, 241 S.W.2d 60, 63 (Mo.App.1951); Cooper v. Winnwood Amusement Co., 227 Mo.App. 608, 55 S.W.2d 737, 742 (1932); Brown v. Winnwood Amusement Co., 225 Mo.App. 1180, 34 S.W.2d 149, 152 (1931). Likewise, other states have also required amusement park proprietors to abide by the highest standard of care. See, e.g. Gomez v. Superior Court, 35 Cal.4th 1125, 1136, 29 Cal.Rptr.3d 352, 113 P.3d 41 (2005); Lewis v. Buckskin Joe's, Inc., 156 Colo. 46, 396 P.2d 933, 939 (1964); Brennan v. Ocean View Amusement Co., 289 Mass. 587, 194 N.E. 911, 913 (1935); Lausterer v. Dorney Park Coaster Co., 100 Pa.Super. 33, 37 (1930) (applying a "strict measure of duty”).