## PHILLIPS vs. THE WISCONSIN STATE AGRICULTURAL SOCIETY.

*April 8 — May 15, 1884.*

*(1) Negligence in setting up machinery for transmission of power. (2) Degree of care required of agricultural society. (3) Evidence. (4) Instructions.*

1. It is not, as a matter of law, negligence for an agricultural society to leave uncovered a coupling in a shaft used for transmitting power to machinery, at a fair. Sec. 4396, R. S., does not apply to such a case.
2. Ordinary care only is required of an agricultural society in setting up and managing the machinery under its control at a fair.
3. In an action for an injury received in crossing a revolving shaft, at an agricultural fair, the evidence having shown that so many persons had crossed at the same place as to wear a path, it was not error to exclude the guess of a witness as to how many crossed daily.
4. A party at whose request a certain instruction is given to the jury is not in a position to object to a subsequent remark of the judge in effect repeating such instruction.

APPEAL from the Circuit Court for *Dane* County.

The facts are stated in the opinion. There was a verdict for the defendant; a motion for a new trial was denied; and the plaintiff appealed from a judgment on the verdict.

For the appellant there was a brief by *Smith & Rogers,* and oral argument by *Mr. Rogers.*

*William F. Vilas,* for the respondent.

TAYLOR, J. This action was brought by the appellant to recover damages for an injury sustained by him upon the fair grounds at the annual fair of the respondent society. The appellant was injured while stepping over a revolving line of shafting on said fair grounds. The proof shows that the shafting, at the place where the injury happened, was about eighteen inches above the ground; that at the time the appellant stepped over the same he had on a long overcoat, unbuttoned, and considerable wind was blowing. This

overcoat was in some way caught by the revolving shaft, and the appellant was thrown down and received injuries. The appellant claimed that the place where he stepped acro s the shafting was a place where many persons visiting the grounds were in the constant habit of crossing the same; that this crossing was near one of the joints of the shafting, and the coupling or sleeve which fastened the line of shafting together at that point was held in its place by a set-screw which projected about three fourths of an inch outside of the coupling or sleeve; that the wind carried his coat toward the coupling, and this projecting screw caught the coat and caused the accident. This is denied by testimony given on the part of the society, and it is claimed by it that the screw in the coupling was so set in that it did not extend beyond the coupling, and that the whole outside of the coupling presented a smooth and even surface. They also claimed, in their answer and evidence, that the appellant, in crossing the line of shafting, passed very near a pulley or pulleys which were in motion for the purpose of propelling some machinery on the grounds on exhibition, and that his overcoat caught in this pulley or pulleys, and so the accident happened.

The case, as presented on the trial by the evidence, left but two questions for the jury: (1) Was the society guilty of negligence in running the shafting in the manner it was run at the time the accident occurred? (2) If that fact was found in favor of the appellant, then was the appellant guilty of negligence which contributed directly to the injury? These two questions were clearly in the case upon the evidence presented on the trial, and both were clearly questions of fact for the jury.

The only objection taken to the introduction of evidence on the trial was an exception taken by the appellant to the ruling of the court refusing to permit a witness to answer a question as to the number of persons who crossed the shaft-

ing at the place where the accident happened in one day. We cannot conceive how the refusal to permit this question to be answered could have prejudiced the appellant. The witness was permitted to answer that people crossed the shafting at that place, and the evidence shows that it was so constantly passed at that point that a beaten path had been made there. How the guess of the witness as to the number that passed there daily could have benefited the appellant we are unable to perceive.

The only other questions in the case arise upon the instructions given to the jury by the court, and the refusal to give certain other instructions requested by the appellant.

The first two instructions asked by the appellant in effect required the court to instruct the jury, as a matter of law, that if the coupling of the shafting at or near the place where the accident happened was uncovered at the time, then the society was guilty of negligence. We think these instructions were properly refused. It is said that they were asked, relying upon sec. 4396, R. S. 1878, as a legislative expression upon this subject. We think the cases are not similar. The cases provided for by that section relate only to the shaftings connected with threshing-machines, and the couplings there spoken of are called "joints, knuckles, or jacks," and relate to an entirely different kind of coupling from that which is shown to have been used on the shafting in question. The joints and knuckles spoken of in that section were necessarily dangerous; they were used on a peculiar kind of shafting, which, as occasion required, permitted the shafting to be run when not in a straight line, and the joints or knuckles at the points where the direction was changed were necessarily much more dangerous when in motion than the smooth and straight portion of the shaft. The coupling used in the case in question was used upon a straight line of shafting simply to hold the shafting together and in its place, not to change its direction, and all the evi-

dence shows that the coupling or sleeve used for that purpose, if it was. in the condition claimed by the testimony of the society, would be as smooth as any other part of the shafting, and no more dangerous. The only effect of the sleeve or coupling was to increase the diameter of the shafting at that point slightly. If there was in fact a projecting screw in, the revolving coupling, that might and undoubtedly would render it more dangerous than though smooth, as claimed by the society; and if the instructions had been asked upon that theory of the evidence it would have presented a different question. The instructions asked required the court to instruct the jury that it was negligence to run the shafting with uncovered couplings, even though the jury might have found that they were perfectly smooth. We think the instructions were properly refused.

The third instruction asked was that the defendant owed to the plaintiff the duty of exercising greater than ordinary care; that it owed him the duty to provide every means that a man of extraordinary prudence and foresight would have provided under similar circumstances. This instruction was properly refused. The law is well settled that the use of ordinary care only is required. It is true that more care and foresight are required in some kinds of business than in others, depending upon the nature of the business in which the person is employed; but the care to be used in such business is still ordinary care,— such care as those employed in the like kind of business ordinarily exercise or ought to exercise, and not the care which a man of extraordinary prudence, engaged in a like business, uses and exercises. The rule contended for by the appellant would exclude all men from engaging in a dangerous business except those of extraordinary prudence, unless at the risk of being subject to the payment of all damages which might result in carrying on such business. *Read v. Morse*, 34 Wis., 315; *Dreher v. Town of Fitchburg*, 22 Wis., 675; *Cremer v. Town of*

*Portland*, 36 Wis., 100; *Griffin v. Town of Willow*, 43 Wis., 512; *Ward v. M. & St. P. R'y Co.*, 29 Wis., 144, 149. The true rule is laid down by this court in the last case cited on p. 149 of the opinion.

It is not claimed by the learned counsel for the appellant that the court committed an error in refusing the fourth instruction asked.

Several exceptions are taken to the instructions given by the court to the jury. After a careful reading of the instructions given by the learned circuit judge, we are unable to find any errors prejudicial to the appellant. The law applicable to the facts of the case was clearly and fairly stated to the jury, and upon the questions of fact their finding is conclusive. It is said that the last remark made by the learned circuit judge at the close of his instructions was prejudicial to the appellant for the reason that they might have inferred from it that the burden of proof was upon the plaintiff to show the absence of contributory negligence on his part. The remark complained of is as follows: "I suppose you understand that two things are requisite upon the part of this plaintiff to put the defendant in the position of want of ordinary care, and to show that he was in the exercise of it?" This was excepted to generally, and not because it would mislead the jury as to the burden of proof. All we think the jury would understand from this remark, when taken in connection with the other instructions given, was that they were to pass upon both questions as questions of fact in the case, because there was evidence in the case tending to establish both of these issues. It was in fact only repeating the instruction before given to the jury at the request of the counsel for the appellant. The counsel for the appellant had requested the learned judge to instruct, and at his request he did instruct them, that, "in order to entitle the plaintiff to a verdict, in addition to the defendant's negligence you must find that the plaintiff at

the time of the accident was in the exercise of ordinary care and prudence himself. Whether the plaintiff did exercise such care and prudence is a question of fact, in view of the proof in this case, for you to determine." After having asked the foregoing instruction, we do not think the appellant is in a position to avail himself of an exception to the remark of the learned judge above quoted.

On the whole, the case seems to have been fairly tried, and the verdict of the jury is well sustained by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.