WINDELER *v.* THE RUSH COUNTY FAIR ASSOCIATION.

[No. 3,295. Filed January 11, 1901. Rehearing denied June 7, 1901.]

NEGLIGENCE.—*General and Special Verdict.—Conflict.*—A complaint for personal injuries alleged that plaintiff was in attendance at a fair association and had paid the regular admission fee; that the association was conducting a horse-race on its race-track in the fair-grounds; that one of the race-horses, while its speed was being tested, left the race-track through an opening in the fence surrounding the track, and that plaintiff in attempting to get out of the way of the horse was violently thrown to the ground and trampled upon. The jury returned a general verdict for plaintiff, and found specially that plaintiff was injured "by trying to escape from a runaway horse," that the accident and the running away of the horse were not caused by the negligence of any officer or employe of the association, and that plaintiff stepped over the back of a seat on which she was standing into a space between the benches, and, in so stepping, fell and received her injuries complained of. *Held*, that the special findings are not in irreconcilable conflict with the general verdict. *pp. 93-96.*

SAME.—*Proximate Cause.*—The proximate cause of an injury resulting from a horse leaving the race-track through an opening left in the fence surrounding the track is not the running away of the horse, but the failure properly to inclose the race-track. *p. 97.*

From Rush Circuit Court; *J. D. Miller,* Judge.

Action by Ida Windeler against the Rush County Fair Association for damages. From a judgment for defendant, plaintiff appeals. *Reversed.*

*G. Sexton* and *W. M. Sparks,* for appellant.

*W. A. Cullen, W. H. Martin* and *J. D. Megee,* for appellee.

BLACK, J.—In the action of the appellant, Ida Windeler, against the appellee, to recover damages for a personal injury, a general verdict in favor of the appellant for $100 was returned, with answers of the jury to interrogatories. The court sustained the appellee's motion for judgment in its favor upon the answers to interrogatories, notwithstanding the general verdict, and this action of the court is assigned as error.

The complaint, so far as need be stated for the decision of the matter presented in argument, showed that the appellant visited the annual fair of the appellee, a corporation, at its fair-grounds, and was regularly admitted as an invited guest upon payment of the required admission fee; that as a means of entertainment for the public the appellee had provided a race-course within its fair-grounds and forming a part thereof, and, at the time of appellant's visit, the appellee was conducting horse-races on the track as a part of the day's entertainment, a large crowd of people being present, and large crowds were assembled about the track and all over the various portions of the grounds; that during one of the races one of the horses in the race, on account of the negligence of the appellee in having left a gap in the fence surrounding the track, left the track through this gap and ran out into the crowd in the main part of the fair-grounds; that the horse made its way toward the appellant, and she, in attempting to get out of its way, "was violently thrown to the ground, and trampled upon, and severely bruised and injured," etc., her injuries being described, and referred to as all being caused by the negligence of the appellee in having left the gap in the fence, and her damages being stated. It was alleged that the appellant was without fault or negligence.

The jury specially found, in answer to interrogatories, that an accident occurred in one of the races mentioned in

the complaint, by which one or more of the horses driven in the race were made to run away; that none of the horses driven in the race "in which the accident occurred" were owned or driven by any officer or employe of the appellee. Question three was as follows: "How was said accident caused ?" The "said" accident here referred to was the accident by which one or more of the horses were "made to run away". But the jury answered: "By trying to escape from a runaway horse". Question four was as follows: "Was said accident, or the running away of said horses, caused by the negligence of an officer or employe of said association?" A. "No." Question five: "Did one of said horses, after said accident, and while running away in consequence of the same, escape from its driver and leave the track where said races were being had and go to a point on the grounds of said association near where the plaintiff and other persons then were ?" A. "Yes."

It was further found specially that there were benches or seats where the appellant and other persons were when the horse approached them; that the benches, in rows or sections, were placed one in front of another, two or two and one-half feet apart, in the ordinary manner of arranging seats; that the seats were about eighteen inches from the ground, and there were backs on them extending about eighteen inches above the seats; that these benches were south of the place where the horse left the track, and they fronted north, so that persons occupying them could see the track; that the appellant saw the horse approaching, or coming toward the benches, the horse being "at the east end" (of what, being left to conjecture); that the appellant was standing south of, or behind, the benches, when she first saw the horse running toward them, and then went upon one of the benches in the west section thereof; that the horse or the vehicle to which it was attached did not strike the appellant; that she was standing upon one of the benches in the west row or section thereof when the horse was approaching

the benches, and immediately before she received the injury complained of; that she was near the east end of the bench on which she was standing immediately before she received the injury complained of, and near the aisle or passageway between the west section and the section east thereof; that, immediately before she received the injury, she stepped over the back of the bench on which she was then standing, and fell on or against said bench, or the bench immediately in the rear, and thereby received said injury; that immediately before she received the injury she stepped over the back of the bench on which she was then standing, and into the space between it and the bench immediately in the rear, and when so stepping fell and struck on or against one of the benches, and thereby received the injury; that she so stepped over the back of the seat into said space, without looking or thinking where she was stepping; that the track of the appellee on which the races occurred was at the time inclosed, with the exception of a gap, by a fence separating it from that part of the grounds where the appellant was, and there was a gap in the fence at or near the east side of the track; that the horse which left the track, while running away after "said accident" passed through the gateway; that there were not persons on the track in front of the horse at or near the gap who gesticulated and waved their hands or umbrellas and caused the horse to turn or swerve and leave the track; that the gap or opening in the fence was made to allow patrons of the appellee to pass over the track with horses and vehicles into a hitching inclosure on the inside of the track; that the appellee during said race had an intelligent and reliable policeman stationed at the gap; that the grounds of the appellee, including the track and fences surrounding it, were in the same condition that they had been in for fifteen or twenty years, and they were used by the appellee and its predecessors during such period for holding annual fairs and giving races between pacing and trotting horses, without injury to visitors or patrons; and the appellee or its prede-

cessors had so used the grounds for a number of years preceding this accident without placing a bar or other obstruction across the gap.

The rules and principles applicable to such an action for damages and to the motion for judgment upon the special findings of the jury have been stated so frequently in our cases that we need not now discuss them, especially as there is no disagreement between counsel concerning them. Nor will we take space to discuss at length the particular matters disclosed by the special findings. We are of the opinion that they are not irreconcilably inconsistent with the general verdict, wherein the jury found that the appellee was negligent as charged, and that thereby the appellant was injured as alleged, without contributory fault on her part. It is true that it does not appear from the special findings that the appellant was trampled upon, as alleged in the complaint, where it is stated that she in attempting to get out of the horse's way was violently thrown to the ground, and trampled upon, and severely bruised and injured.

It appears from the special findings that the accident was caused by trying to escape from a runaway horse; or, if the special findings be not regarded as showing this, then the general verdict sustains the allegations to that effect in the complaint. It was specially found that she stepped over the back of the seat on which she was standing into the space between the benches, and, when so stepping, fell and struck on or against one of the benches, and thereby received her injury.

It was not charged that she was thrown down by contact with the horse or vehicle, or by persons or by any specified thing, and if it be allowed that the special findings show that she was not trampled upon, still it may be, for all that is shown by the special findings, that her injury was caused, as found by the general verdict, in a manner substantially within the meaning of the averments of the complaint.

Windeler *v.* Rush County Fair Assn.

Judgment reversed, and cause remanded with instruction to overrule the appellee's motion for judgment.

Henley, C. J., took no part in the decision of this case.

## On Petition for Rehearing.

Roby, J.—The race-track was a place upon which horses could run without injury to the spectators occupying the seats provided for them. Appellee negligently made an opening in the fence surrounding such track; through this opening a horse ran from the track, and among the people assembled upon the main part of the fair-ground, causing appellant's injury. It is earnestly contended in support of the petition for a rehearing that the proximate cause of the injury was the running away of the horse, and not the failure properly to inclose the track.

The proximate cause, which happens to be nearest in point of time, in this case, is the one for which appellee is responsible; had it done its duty appellant could not have suffered from the running of the horse. *Cole* v. *Wood*, 11 Ind. App. 37, 61; *White Sewing Machine Co.* v. *Richter*, 2 Ind. App. 331; *Grimes* v. *Louisville, etc., R. Co.*, 3 Ind. App. 573, 577; *City of Mt. Vernon* v. *Hoehn*, 22 Ind. App. 282, and authorities there cited.

It would be a thankless task to endeavor to reconcile all the artificial reasoning and expressions contained in all the cases dealing with the subject of proximate cause. A common sense answer to the question "what was the efficient cause" satisfies the requirements of the law.

Petition for a rehearing overruled.

Black, C. J., Robinson, J., Comstock, J., concur. Henley, J., absent. Wiley, J., dissents.