## EDWIN M. HIGGINS

### *vs.*

## FRANKLIN COUNTY AGRICULTURAL SOCIETY.

### Franklin.    Opinion December 19, 1905.

*Agricultural Society.    Fair.    Negligence.    Collision on Race Track.
Active Duty.    Safety of Patrons.*

1. An agricultural Society holding a fair, for admission to which a fee is charged, is bound to use reasonable care to keep all parts of its grounds, to which patrons are admitted, free from dangers to them.
2. When such Society invites patrons, even by implication only, to cross its racing track to reach the space enclosed by the track, it is bound to use reasonable care to keep the track clear of danger of collision during such crossing.
3. A patron of such fair, while crossing the racing track by invitation of the Society, express or implied, is not bound to be as watchful for teams approaching along the track as he would be in crossing a public road. He may assume that the Society is using reasonable care to keep the track clear of such teams. Hence the mere fact that he is not watching for such teams does not constitute contributory negligence on his part.
4. In this case the evidence, though conflicting, warranted findings by the jury that the plaintiff was invited by the defendant Society to cross the track when he did, that he was not guilty of contributory negligence in not seeing the team approaching along the track, and that the defendant was negligent in not preventing the use of the track by the colliding team at that time.

On motion for new trial by defendant.    Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff and also to recover for damages to his wagon, caused by the alleged negligence of the defendant. The defendant, on the 17th day of September, 1903, was holding a fair on its grounds at Farmington, and had under its care and control a half mile race track or a race course for speeding and racing horses. At a time when a race was not in progress, the plaintiff undertook to drive across the track with his horse and wagon, and while so doing his wagon was struck and himself injured by a rapidly driven vehicle

with which the driver was giving his horse "a warming up mile" preparatory to a race later in the afternoon.

Tried at the February term, 1905, of the Supreme Judicial Court, Franklin County. Plea the general issue. Verdict for plaintiff for $100. Thereupon defendant filed a general motion to have the verdict set aside.

The case appears in the opinion.

*Frank W. Butler*, for plaintiff.

*Joseph C. Holman*, for defendant.

SITTING: EMERY, STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

EMERY, J. The defendant society was holding a fair on its grounds arranged for that purpose. On these grounds was the usual half mile track for the exercising, speeding and racing of horses.

Outside of this track was space used for various purposes. An admission fee was charged and paid at the outer entrance, and visitors having thus entered the grounds were permitted to cross the track, when not in use for horses, to the space within the track. The passage way to and across the track was barred by a rope while the track was in use, which rope was lowered to the ground by a servant of the company employed for that purpose, when the track was clear permitting visitors to cross the track to the interior space. The plaintiff had paid the admission fee and had driven upon the grounds up to the track at the crossing barred by the rope. He then started to cross the track and when part way across, his carriage was struck and himself injured by a rapidly driven vehicle with which the driver was speeding his horse along the track. There was evidence that the attendant guarding the passage way across the track lowered the barring rope to the ground in such a manner as to be an invitation to the plaintiff to attempt the crossing when he did, or an assurance to him that the track was then clear for crossing. The defendant strongly denies this and insists that the rope was lowered only for an instant to enable a team to leave the track and that the plaintiff practically forced his way past the attendant and barrier. We are not

satisfied, however, that the jury was clearly wrong in finding for the plaintiff on this point and so far the verdict must stand.

The plaintiff might have avoided the collision had he been on the constant watch for approaching horses from the time he entered upon the track, which, however he was not. The defendant insists that hence the plaintiff did not exercise due watchfulness and that his negligence in that respect was a contributing cause of the collision. The only question of law arising under this contention is whether the plaintiff was negligent as matter of law under the circumstances in not being constantly on the watch for horses and vehicles rapidly passing along the track he was crossing. We think he was not. The case is very different from that of crossing a public highway. There the person crossing has no assurance, but from his own careful observation, that the way is clear. He is therefore bound to anticipate that teams slow and fast may be rightfully approaching at any time, and to be on his own guard against them. In this case the track was a purely private way owned and operated by the defendant society as a part of the attractions to induce people to pay for admission to its grounds. It was the society's duty to exercise due and reasonable care to keep the track clear and free from danger to its patrons at all such times as they were invited or permitted to cross it, and while they were thus crossing. Assuming, as the jury has found, that the plaintiff was assured by the action of the defendant's servant that he could then cross the track, he was thereby assured that reasonable care had been and was being taken to keep the track clear for his crossing. With that assurance it cannot be held as matter of law that he was negligent in not looking about for the approach of rapidly driven horses and vehicles along the track. Whether under all the circumstances of this case such an omission to look about was negligence was a question for the jury. We see no reason why the finding on this question should be set aside.

Another point made in defense is that the defendant society is not responsible for the act of the offending driver since he was not in any way its servant, and since it does not appear that he had permission to drive on the track at that time. The society's duty was not limited to refraining from giving permission to drive rapidly on its track

at such times.    It had an active duty to use due and reasonable care
to prevent such driving even by unauthorized persons.    The jury has
found that it did not perform this duty in this case and we see no
reason to disturb the verdict on this point.    It follows that the
motion must be overruled.    *Thornton* v. *Maine State Agricultural
Society,* 97 Maine, 108.

*Motion overruled.*