HENRIETTA R. TURLINGTON, *Plaintiff in Error, v.* TAMPA ELECTRIC COMPANY, *Defendant in Error.*

1. Where by virtue of the relation towards each other existing between parties, the law implies a duty from one to the other, a breach of that duty by one that proximately causes or contributes to causing a substantial injury to the other, may constitute a cause of action for compensatory damages, if the plaintiff is free from fault.

2. Where one undertakes to render a service by furnishing accommodations of a public nature, the law imposes a duty to use proper care, precaution and diligence in providing and maintaining the accommodations in a reasonably safe condition for the purposes to which they are adapted and are apparently designed to be used.

3. If accommodations afforded to the public for hire are not reasonably suitable and safe for the purposes for which they may ordinarily and apparently be used in a customary way, the public should be excluded from their use, or appropriate notice of their unsuitable or unsafe condition should be so given as to warn persons of dangers in using them.

4. A failure to perform a duty due to the public in furnishing public accommodations, may be negligence that, if it proximately results in injury to another without his fault, will constitute a cause of action for compensatory damages.

5. Where the relation of keeper of a body of water and a spring board over it for the use of the public as a diving and swimming place and of a patron for hire if such place, exists between two parties, it is the duty of such keeper to exercise proper care, precaution and diligence to provide and maintain a reasonably suitable and safe spring board, and water of reasonably suitable and safe depth under and about the spring board, free from obstructions or other dangers to comfort and safety in the ordinary and customary use of such diving and swimming place, and if the place is not reasonably safe the public should be excluded from its use or appropriately warned of its dangers, otherwise the keeper may be

VOL. 62, JUNE TERM, 1911.    399

Turlington v. Tampa Elec. Co.—Opinion of Court.

negligent for which an action lies by one proximately injured by the negligence.

6. Allegations that owing to the fact that the water under a spring-board kept and used for hire as a public diving place was about two and a half feet to three and a half feet deep, it in fact constituted a dangerous place to those resorting there for bathing and diving, that the defendant negligently suffered the same to be and remain in the dangerous condition, and that by means whereof the plaintiff's decedent without his fault was injured, state a cause of action.

7. Where the negligence of the keeper for hire of a public diving and bathing place, that proximately causes injury to another as alleged, is not proven by the plaintiff, or if it appears that the injured person was guilty of contributory negligence, damages cannot be recovered for the injury.

.This case was decided by Division A.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*McMullen & McMullen,* for Plaintiff in Error;

*P. O. Knight,* for Defendant in Error.

WHITFIELD, C. J.—The plaintiff in error brought this action, the first count of the declaration being as follows:
"Henrietta R. Turlington, the plaintiff aforesaid, by her attorneys, McMullen & McMullen, sues the Tampa Electric Company, defendant, aforesaid, for that whereas the defendant in the life time of one Henry E. Turlington, now deceased, to-wit: on or about the 4th day of July,

A. D. 1910, was possessed of, using and operating a certain street railroad in and about the City of Tampa, in the County of Hillsborough and State of Florida, with a line or branch of said street railroad extending to Ballast Point, a distance of about six miles from the said City of Tampa, over which it, the said defendant, runs its cars, and was then possessed of and maintained a park at said Ballast Point in the said County of Hillsborough and State of Florida, as a place of attraction for its passengers, which was open to the public and lay between its line of railroad and Hillsborough Bay; that there was then in said park a pavillion, which the defendant also possessed and maintained, which was also open to the public and at which dances and entertainments were occasionally held, and where drinks of various kinds were sold by said defendant, and that on account of said park and pavillion large numbers of people were constantly visiting said park and pavillion and passing over the railroad of the defendant; that said pavillion extended on the east, or southeast side down to the waters of Hillsborough Bay, and that there was built out from said pavillion, over the waters of Hillsborough Bay, a bath-house, which was practically a continuation of said pavillion, and which the defendant also possessed and maintained, which was open to the public for bathing and diving and which was held out to the public as a suitable place for bathing, swimming and diving, and where bathing suits were rented by the defendant to the public; that extending out from said bath-house in an easterly, or southeasterly direction and constituting a part of said bath-house was a spring-board for diving, about ten feet in length, which spring-board was about three or four feet above the waters of Hillsborough Bay at the time of an average mean tide; that the depth of

the water underneath said spring-board was at the time
of an average or mean tide, about two and a half feet to
three and a half feet; that owing to the fact that the
water was so shallow underneath said spring-board and
where the public were so invited for a consideration to
bathe and dive into the waters of Hillsborough Bay, it in
fact constituted a dangerous place to those who resorted
there for bathing and diving; that on the 4th day of July,
A. D. 1910, the said Henry E. Turlington rode to said
Ballast Point on the cars of the defendant, and entering
said pavillion, there procured a bathing suit for a consid-
eration from the defendant, and having so procured said
bathing suit, was then entitled to the privileges of said
bath-house and spring-board; that after having put on
said bathing suit in said bath-house, the said Henry E.
Turlington, while in the exercise of due care and pru-
dence, dived head-first off said spring-board into the
waters of Hillsborough Bay and striking his head upon
the bottom of said Bay, the depth of the water at said
time underneath said spring-board being only about three
feet or three and a half feet, broke his neck, after which
he languished, suffering untold agony until the 31st day
of October, A. D. 1910, upon which date he died as a re-
sult of said injury; that there was no sign at or near
said spring-board indicating the depth of the water, and
said Henry E. Turlington had no knowledge of the depth
thereof, and no sign warning the public of the danger of
diving from said spring-board; that the defendant, not
regarding its duty in that behalf while it possessed and
maintained the said pavillion and bath-house, wrongfully
and negligently suffered the same to be and remain in the
dangerous condition aforesaid, by means whereof the said
Henry E. Turlington sustained the injury aforesaid,
from which he died; that the plaintiff was then the wife

of the said Henry E. Turlington, and is now his widow.

Wherefore the plaintiff brings this action and claims damages in the sum of Fifty Thousand Dollars."

The second count alleges that drinks were sold and bathing suits were rented to the public, and to the decedent, by Addison A. Hackney, a lessee of the defendant; and the third count alleges that the bathing suits were rented to the public and to the decedent by the defendant and Addison A. Hackney. In other respects the second and third counts are similar to the first.

A demurrer addressed separately to each count of the declaration was filed, that to the first count being as follows:

"1st. Because the plaintiff has failed, in and by said first count, to make or state any cause of action whatsoever against the defendant.

2nd. Because said first count contains simply conclusions of law, without any statement of facts from which the court could say, as a matter of law, that actionable negligence exists.

3rd. Because said first count fails to show any negligent acts of omission or commission upon the part of the defendant, or any of its agents, servants or employees, that proximately contributed to the injuries alleged to have been received by the deceased.

4th. Because said first count shows upon its face that the deceased was a bare licensee, and that the defendant owed no duty to him other than to abstain from wilfully injuring him.

5th. Because said first count fails absolutely to show that the defendant failed to perform any legal duty due and owing to the deceased at the time he received the alleged injuries in question.

6th. Because said first count shows upon its face that

there was an apparent or real danger in using the spring-board in question, and the deceased having voluntarily and unnecessarily subjected himself to this apparent or known danger, and assuming all' risks incident thereto by doing this and encountering the same, he proximately contributed to the injuries received by him, and having done so, his widow, the plaintiff, is precluded from recovering any damages from the defendant.

7th. Because said first count shows upon its face that the injuries alleged to have been received by the deceased were caused by his own contributory negligence in voluntarily assuming all the dangers connected with and incident to the use of the spring-board, and having done so, nevertheless any negligence upon the part of the defendant, there can be no recovery by the plaintiff in this case.

8th. Because there is nothing in said first count to show that the defendant had any notice of the defective and dangerous conditions with respect to the use of the spring-board, as alleged in said count."

The demurrers to the second and third counts were similar with additions to meet the difference in the allegations. On the sustaining of the demurrer to each count of the declaration, the plaintiff declining to amend final judgment for the defendant on the demurrer was entered, to which the plaintiff took writ of error, and assigns as error the order sustaining the demurrer and dismissing the action.

If the decedent would have had a cause of action against the defendant had he lived, his widow has a right of action under the statute.

Where by virtue of the relations towards each other existing between parties, the law implies a duty from one to the other, a breach of that duty that proximately causes or contributes to causing a substantial injury to

404 SUPREME COURT OF FLORIDA.

Turlington v. Tampa Elec. Co.—Opinion of Court.

another, may constitute a cause of action for compensatory damages, if the plaintiff is free from fault. Where one undertakes to render a service by furnishing accommodations of a public nature, the law imposes a duty to use proper care, precaution and diligence in providing and maintaining the accommodations in a reasonable safe condition for the purposes to which they are adapted and are apparently designed to be used. If the accommodations for any reason are not reasonably suitable and safe for the purposes for which they may ordinarily and apparently be used in a customary way, the public should be excluded from their use, or appropriate notice of their unsuitable or unsafe condition should be so given as to warn persons of dangers in using them. A failure to perform these duties or any of them may be negligence that, if it proximately results in injury to another without his fault, will constitute a cause of action for compensatory damages. See Woodbury v. Tampa Water Works Co., 57 Fla. 249, 49 South. Rep. 556. The relation existing between the defendant and the plaintiff's decedent at the time of the alleged injury, was that of a keeper of a public diving and swimming place, and of a patron for hire of such place. The spring-board and the water beneath and about it constituted the diving and swimming accommodations. It was in law the duty of the defendant to exercise proper care, precaution and diligence to provide and maintain a reasonably suitable and safe spring-board, and water of reasonably suitable and safe depth under and about the spring-board, free from obstructions or other dangers to comfort and safety in the ordinary and customary use of such a diving and swimming place. If the water was in fact of such a depth as to make diving from the spring-board into the water beneath, in the usual, ordinary and customary manner, unsafe in the particulars

alleged, and no appropriate notice or warning was given of the unsafe or unsuited condition of the diving place, and the decedent was, because of such unsafe or unsuited accommodations being negligently furnished, injured while properly using the accommodations in a customary and appropriate manner in diving from the spring-board in the customary way without fault on his part, a cause of action for compensatory damages exists under the statute in favor of the plaintiff, if the decedent could have maintained an action for the same injury had his death not resulted therefrom. Sections 3145 and 3146 General Statutes of 1906.

One who maintains a public resort is required by law to keep it in a reasonably safe condition for those who properly frequent the place. Where the public is invited to attend a resort, it is the duty of the one who so invites to exercise all proper precaution, skill and care commensurate with the circumstances to put and maintain the place and every part of it in a reasonably safe condition for the uses to which it may rightly be devoted. A failure to comply with this duty may be negligence; and for an injury proximately caused by the negligence, the negligent party may be liable in damage, if the party injured is not guilty of contributory negligence. Where a negligent injury is alleged so as to state a cause of action, contributory negligence is an affirmative and complete defense that may be pleaded and shown in evidence by the defendant. If contributory negligence appears in the case made by the plaintiff there can be no recovery in the absence of an applicable statute changing the common law rule denying a recovery to one who proximately contributes to his own injury that is caused by the mere negligence of another.

Where a party maintains a bath house, or a diving or

swimming place for the use of the public for hire, and negligently permits any portion of the same or its appurtenances whether in the house or of the depth of the water or in the condition of the bottom or in things thereon to be in an unsafe condition for its use in the manner in which it is apparently designed to be used, a duty imposed by law is thereby violated; and if an injury to another proximately results from a proper use of the same without contributory negligence, a recovery of compensatory damages may be had. See Larkin v. Saltair Beach Co., 30 Utah 86, 83 Pac. Rep. 686, 3 L. R. A. (N. S.) 982, 8 Am. & Eng. Ann. Cas. 977, and notes; Bass v. Reitdorf, 25 Ind. App. 650, 58 N. E. Rep. 95; Boyce v. Union Pac. Ry. Co., 8 Utah 353, 31 Pac. Rep. 450, 18 L. R. A. 509; Higgins v. Franklin County Agricultural Society, 100 Me. 565, 62 Atl. Rep. 708, 3 L. R. A. (N. S.) 1132; Barrett v. Lake Ontario B. I. Co., 174 N. Y. 310, 66 N. E. Rep. 968, 61 L. R. A. 829; Wickersham v. Dubois, 34 App. Cas. D. C. 146; Decatur Amusement Park Co. v. Porter, Adm'r., 137 Ill. App. 448; Brotherton v. Manhattan Beach Imp. Co., 48 Neb. 563, 67 N. W. Rep. 479.

The declaration here expressly alleges that the bath house was possessed and maintained by the defendant, which was open to the public for bathing and diving and which was held out to the public as a suitable place for bathing, swimming and diving, and where bathing suits were rented by the defendant to the public; that extending out from the bath house and constituting a part of said bath house was a spring-board for diving, which spring-board was about three or four feet above the waters of Hillsborough Bay at average mean tide, that the depth of the water under the spring-board was, at average mean tide, about two and a half feet to three and a half feet; that owing to the fact that the water was so shallow underneath

said spring-board and where the public were so invited for a consideration to bathe and dive into the waters of Hillsborough Bay, it in fact constituted a dangerous place to those who resorted there for bathing and diving; that having for a consideration procured a bathing suit from defendant, the decedent put on the bathing suit, and while in the exercise of due care and prudence, dived head first off said spring-board into the waters, and striking his head upon the bottom of the Bay, the depth of the water at said time underneath said spring-board being only about three feet or three and a half feet, broke his neck; that there was no sign at or near said spring-board indicating the depth of the water, and decedent had no knowledge of the depth thereof, and no sign warning the public of the danger of diving from said spring-board; that defendant, not regarding its duty in that behalf while it possessed and maintained the bath house, wrongfully and negligently suffered the same to be and remain in the dangerous condition, aforesaid, by means whereof the decedent sustained the injury from which he died. In substance it is urged that the declaration does not state a cause of action because no actionable negligence of the defendant is alleged, and because the plaintiff appears to have directly contributed to his own injury. It is argued that the allegation is in effect merely of the maintenance of a spring-board in good condition over a body of water three and a half feet deep, and that this is not actionable negligence. The allegations are that owing to the fact that the water was only of the stated depth under the spring-board, it in fact constituted a dangerous place to those resorting there for bathing and diving; that the defendant negligently suffered the same to be and remain in the dangerous condition, and that by means whereof the decedent without his fault was injured. These

are allegations of facts admitted by the demurrer and sustained by other allegations that do not as matter of law appear to be non-actionable either for lack of negligence proximately causing the injury, or because of contributory negligence. If this condition of an adjunct to the bath house was in fact not dangerous, or if it was not properly used so as to make the decedent guilty of contributory negligence, it is a defensive matter of averment and proof. If negligence of the defendant that proximately caused the injury as alleged is not shown by the plaintiff as the law requires, or if it appears that the decedent was guilty of contributory negligence, the plaintiff will not be permitted to recover damages. These principles are applicable to the second and third counts of the declaration. The allegations of the second count as to Addison A. Hackney are merely that drinks were sold at the pavillion by Addison A. Hackney, a lessee of the defendant; that the "bathing suits were rented to the public by one Addison A. Hackney, a lessee of the defendant" and that decedent "procured a bath suit for a consideration from the said Addison A. Hackney, a lessee of the defendant." It is specifically alleged in the second and third counts that the bath house was "possessed and maintained" by the defendant.

The judgment is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.