DALTON et al. v. HOOPER et al.  (No. 7165.)

(Court of Civil Appeals of Texas.  Dallas.
June 13, 1914.)

1. THEATERS AND SHOWS (§ 6*) — DUTY TO
PERSONS ATTENDING.

The manager of a theater is not an in-
surer against accidents to persons attending,
yet owes them the duty of exercising reason-
able care to keep the place in a safe condition
for use and of making proper inspection to see
that it is in such condition; but, unless a de-
fect in a stairway was brought to the notice
of himself or his employés before an injury to
a patron alleged to have been caused thereby
or had existed for such a length of time that
by the exercise of ordinary care he would have
discovered it, he was not liable.

[Ed. Note.—For other cases, see Theaters
and Shows, Cent. Dig. § 6; Dec. Dig. § 6.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

2. THEATERS AND SHOWS (§ 6*)—INJURY TO PERSONS ATTENDING— ACTION — QUESTION FOR JURY.

In an action for personal injury resulting from plaintiff's shoe catching on a projecting strip on a step of defendant's theater, whereby she was thrown and injured, where there was proof to show inspection by defendant, the question whether the projection was known to be defective, or should have been known to him by the exercise of reasonable care a sufficient time before the accident to have repaired it, was for the jury.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 6; Dec. Dig. § 6.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Mrs. J. D. Hooper against F. O. Dalton and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

T. L. Camp, Walter Nold, and C. M. Smithdeal, all of Dallas, for appellants. C. A. Pippin, Thurman Barrett, and Adams & Stenniss, all of Dallas, for appellee.

RAINEY, C. J. This is a suit to recover damages from the controllers and managers of the Orpheum Theater for personal injuries received by Mrs. J. D. Hooper while a patron of said theater in descending a flight of stairs leading from the gallery; her shoe catching on a projecting iron or brass strip on one of the steps, whereby she was thrown and injured. Defendant pleaded the general issue. A trial resulted in a verdict and judgment for plaintiffs, from which this appeal is prosecuted.

The Reason for Reversing.

[1] One complaint by appellants is that the court refused to give their requested charge No. 3, which is as follows:

"Unless you find and believe that the stairway herein referred to was defective as alleged by plaintiff, and that such defect, if any, was brought to the notice of defendants or their agents or employés, before the accident herein complained of, or had existed for such a length of time that by the exercise of ordinary care the defendants or their agents or employés would have discovered such defect, if any, then your verdict must be for the defendants on this issue."

This charge should have been given. The court's charge only in a general way submitted to the jury the duty of appellants to use care to prevent injury to appellee, while the special charge presented an issue raised by appellants' evidence and called special attention to a phase of the case to which appellant was entitled. Schnatterer v. Bamberger, 81 N. J. Law, 558, 79 Atl. 324, 34 L. R. A. (N. S.) 1077, Ann. Cas. 1912D, 139; Butcher v. Hyde, 152 N. Y. 142, 46 N. E. 306.

[2] Appellee's evidence shows that while visiting the Orpheum Theater for the purpose of attending a performance there, and after having paid an admission fee, in descending a stairway her foot caught on a projecting metal strip that was fastened to one of the steps, and caused her to fall, and she was injured thereby. While the appellants were not insurers against accidents to the patrons of the theater, yet they owed to them the duty to exercise reasonable care to keep their place of amusement in a safe condition for the use of their patrons. It is their duty to make proper inspections to see that the place is in proper condition to avoid injury. In this case there was proof to show inspection, and whether the projecting metal strip that caused appellee to fall was known to be in that condition, or should have been known to appellants, by reasonable care, a sufficient length of time before the accident to have been repaired by appellants, was a question for the jury's determination.

For failing to give the special charge No. 3 requested by appellants, the court committed error, and the judgment is reversed, and cause remanded.