JENNIE CLARK, Appellee, v. MONROE COUNTY FAIR ASSOCIATION, Appellant.

AGRICULTURE: County Fair Associations—Liability for Negligence. Non-pecuniary incorporated county fair associations are not such governmental agencies as are exempt from liability for negligence.

NEGLIGENCE: Instructions—Proximate Cause. The court must submit to the jury, without request, the respective claims of *each* party as to the proximate cause of an accident. (See Book of Anno., Vol. 1, Sec. 11493, Anno. 206 *et seq.*)

AGRICULTURE: County Fair Associations—Negligence—Reasonable Care only Required. It may not be said, as a matter of law, that a county fair association is under a legal duty to erect a fence along its race track sufficiently high to prevent a horse from jumping over such fence. The association is not an insurer. Reasonable care under varying circumstances is the full measure of its duty.

Headnote 1: 2 C. J. p. 996.   Headnote 2:   29 Cyc. p. 651; 38 Cyc. p. 1691.   Headnote 3: 2 C. J. p. 996.

Headnote 1: 1 R. C. L. 783.   Headnote 3: L. R. A. 1915E, 471; 1 R. C. L. 786 *et seq.*

*Appeal from Monroe District Court.*—D. M. ANDERSON, Judge.

FEBRUARY 15, 1927.

REHEARING DENIED JULY 1, 1927.

Action for damages for personal injury received on the fairgrounds of defendant association.   Judgment against the fair association, from which defendant appeals.—*Reversed.*

*Mabry & Mabry,* for appellant.

*Daniel W. Davis,* for appellee.

ALBERT, J.—On the 22d day of August, 1922, the defendant association was conducting a county fair.   Among other attractions was what was designated in the record as a "Green Race."   One of the horses in that race, owned by the codefendant herein, Giltner, bolted the track, jumped the fence surrounding same, ran against the person of the plaintiff, and seriously injured her.   Both Giltner, the owner, and the fair association are made defendants.   The jury returned a verdict in favor of Giltner and against the association.

1. AGRICULTURE: county fair associations: liability for negligence.

Appellee alleges that the fair association was negligent in not maintaining, at the place where the mare went over, a fence or barrier that was reasonably sufficient to prevent said mare from jumping it.   It appears from the evidence that there was, around the outside of said track, a fence, consisting of posts set about 8 feet apart, on top of which there was nailed a 2 x 6, and against the face of the posts was also nailed either a 2 x 6 or a 1 x 6.   After the race started, the horse jumped over this fence and injured the woman, as above stated.

The first question urged on our attention is that the fair association is a corporation of such a character that it is not liable for negligence.   In any event, this defendant is a corpora-

tion not for pecuniary profit, organized under Sections 1642, 1644, and 1645, Code of 1897, with amendments thereto. This question has never been before this court in its present form. In *Williams v. Dean*, 134 Iowa 216, we had before us, in principle, the same question here involved; but that was an action against the officers of the corporation, and not against the corporation itself. We there held the officers not liable, and specifically refused to pass upon the identical question we have before us in this case, as to the liability of the association itself. The Ohio Supreme Court had this question before it in the case of *Dunn v. Agricultural Soc.*, 46 Ohio St. 93 (1 L. R. A. 754). It was there urged, as in the instant case, that the society was that kind of a corporation that the law excuses from liability for the torts of its officers or employees. Under their statute, as under ours, they are a voluntary association, being the free choice of their constituent members, and the corporation was brought about by their active procurement, and they are not compelled to incorporate, and the state does not control their conduct. They are absolutely free to have these horse races or not, as they may elect, and the whole management and conduct of the fair is committed to the corporation and its officers; it selects its own agents and conducts its own affairs, the same as any corporation. They voluntarily elected, as such, to have this among their harness races on the track. They invited the patronage of the general public, to see the exhibitions at the fair, as well as to be amused by the racing on the track. They charged entrance fees for admission to the fair, and neither the state nor any part thereof ever received any of the proceeds of said fair. Whatever surplus there may have been above the expenses would belong to the association, and, on dissolution, the statute provided that the dividend would be divided among the shareholders.

It is our opinion that this association is not an arm of the state, within the meaning of this term as used in *Hern v. Iowa St. Agric. Soc.*, 91 Iowa 97; *Morrison v. Fisher*, 160 Wis. 621 (152 N. W. 475); and similar cases. Courts have gone so far as to hold, as to state fair associations, that, while they are considered favored by the law, and considered an arm of the state, yet there are circumstances under which they may be held liable for negligence. See *Lane v. Minnesota St. Agric. Soc.*, 62 Minn. 175 (29 L. R. A. 708, and authorities cited). These associations

cannot be classed, nor are they ruled by the same rule, as hospital and charitable corporations.

Appellant's contention on this question is not sustained.

In Instruction No. 4, the court told the jury the three elements necessary to establish a cause of action in this case. In closing, the instruction said:

"If she has failed to establish all of said three propositions by a preponderance of the evidence in the case, then she cannot recover, and your verdict will be for the defendant."

This is an unfortunate wording for an instruction. It might lead the jury to believe that, before the verdict could be for defendant, plaintiff must fail to establish all three of these propositions by a preponderance of the evidence; whereas, if plaintiff failed to establish any one of these three elements by a preponderance of the evidence, then the verdict should be for the defendant.

The court defined "proximate cause" as the immediate and producing cause, as distinguished from a remote and improbable cause. The question of whether or not this is a correct definition of proximate cause being passed, in a later instruction the court, after having specified the alleged negligence of the association, as above set out, limited the consideration of the jury on the question of proximate cause to the matters alleged to be the negligence of the association. It was the claim of the association that the Giltner horse was struck over the head or face with a whip by another rider in the race, and that the Giltner horse thereby became unmanageable, and jumped the fence. The jury had the right to consider this evidence, on the question of proximate cause, and, if they found that the claim of the association was true, with reference to the striking of the horse, and that this caused it to bolt, and that that was the proximate cause of the injury, then, of course, the defendant association would not be liable. The court gave such an instruction in favor of the defendant Giltner, but failed to give it in behalf of the association. There is dispute between counsel and much complaint with reference to this matter, because it is said that Giltner asked such an instruction, and the association did not. We do not deem this dispute of any materiality, because this identical question was inherent in the very foundation of this action, and when the

2. NEGLIGENCE: instructions: proximate cause.

court attempted to instruct on it, it was one of the necessary things on which he should have instructed, regardless of whether or not he was asked so to do. It was right to submit this question of proximate cause to the jury, because the evidence in relation to the striking of the horse over the head by another rider in the race was a disputed question of fact, and, if the jury found the striking of the horse to be the proximate cause, then the verdict should be for the association.

In the eighth instruction, so far as the fair association is concerned, the only question of negligence submitted on its part

3. AGRICULTURE: county fair associations: negligence: reasonable care only required.

was the question of whether or not there was negligence in not maintaining, at the place where the mare went over, a fence or barrier that was reasonably sufficient to prevent said mare from jumping it, this being the only ground of negligence alleged by plaintiff and submitted by the court.

The court, in a later instruction, in substance told the jury that it made no difference whether the boards and posts of the fence were rotten or not. This narrowed the question, therefore, to the lone question of whether or not the fence was as high as it ought to be, under the circumstances. We do not think that this is the proper measure of negligence in such cases, as will be hereinafter explained.

In addition to the facts already set out, the record shows that appellee, with her husband, entered the fairgrounds of the defendant association on the last day of the annual county fair; that her admission was paid, and they then went about the grounds, viewing various exhibits. The race track where this horse race occurred is the usual form of track, extending north and south, with a grandstand or amphitheater on the west side. At the south end of the track is an opening to the barns where the horses are kept. Appellee was standing somewhere east of this opening, and south of the fence, at a distance of something like 20 feet or more from the track. The horse leaped the fence at a point east of this opening. Appellee was not watching the race, but was visiting with some other persons on the grounds. There were many persons on the grounds on this day, and in the vicinity where appellee was injured, and many of them were close to the fence, watching the races.

As heretofore stated, under the evidence, the only question

left in the case, so far as the negligence of the association is concerned, was the narrow question of whether or not this fence was of the height it should be, under the circumstances; and while this was the real question, under the pleadings of plaintiff, we do not think it should have been stated in this form to the jury. The principle governing this question can aptly be stated in the following form: While a proprietor or manager of a place of public amusement or entertainment is held to a stricter account for injuries to patrons than the owner of private premises generally, the rule is that he is not an insurer of the safety of patrons, but owes to them only what, under the particular circumstances, is ordinary and reasonable care. This seems to be the general rule governing the liability of such associations, and is so stated in the following cases: *Bernier v. Woodstock Agric. Soc.*, 88 Conn. 558 (92 Atl. 160) ; *Windeler v. Rush County Fair Assn.*, 27 Ind. App. 92 (59 N. E. 209) ; *Thornton v. Maine St. Agric. Soc.*, 97 Me. 108 (53 Atl. 979) ; *Lane v. Minnesota St. Agric. Soc.*, supra; *Phillips v. Wisconsin St. Agric. Soc.*, 60 Wis. 401 (19 N. W. 377) ; *Selinas v. Vermont St. Agric. Soc.*, 60 Vt. 249 (15 Atl. 117) ; *Smith v. Cumberland County Agric. Soc.*, 163 N. C. 346 (79 S. E. 632) ; *Moone v. Smith*, 6 Ga. App. 649 (65 S. E. 712) ; *Turlington v. Tampa Elec. Co.*, 62 Fla. 398 (56 So. 696) ; *Turgeon v. Connecticut Co.*, 85 Conn. 706 (82 Atl. 635) ; *Hart v. Washington Park Club*, 157 Ill. 9 (41 N. E. 620, 29 L. R. A. 492) ; *Valentine Co. v. Sloan*, 53 Ind. App. 69 (101 N. E. 102) ; *New Theatre Co. v. Hartlove*, 123 Md. 78 (90 Atl. 990) ; *Thompson v. Lowell, Lawrence & Haverhill S. R. Co.*, 170 Mass. 577 (49 N. E. 913) ; *Scott v. University of Michigan A. Assn.*, 152 Mich. 684 (116 N. W. 624) ; *Nephler v. Woodward*, 200 Mo. 179 (98 S. W. 488) ; *Sebeck v. Plattdeutsche Volkfest Verein*, 64 N. J. Law 624 (46 Atl. 631) ; *Richmond & M. R. Co. v. Moore's Admr.*, 94 Va. 493 (27 S. E. 70) ; *Larkin v. Saltair Beach Co.*, 30 Utah 86 (83 Pac. 686) ; *Dalton v. Hooper* (Tex. Civ. App.), 168 S. W. 84; *Kelly v. Northampton County Agric. Soc.*, 286 Pa. St. 97 (132 Atl. 832) ; *Blue Grass F. Assn. v. Bunnell*, 206 Ky. 462 (267 S. W. 237).

The same rule applies where a fair association was conducting an automobile race, and a patron was injured by an automobile which left the track. *Jerrell v. Harrisburg F. & P. Assn.*, 215 Ill. App. 273. This identical doctrine and rule were

applied by us in the case of *Williams v. Mineral City P. Assn.,* 128 Iowa 32.

It seems to be the general trend of the authorities that in almost all cases this question of due care, under the circumstances, is a question for the jury. *Higgins v. Franklin County Agric. Soc.,* 100 Me. 565 (62 Atl. 708); *Selinas v. Vermont St. Agric. Soc.,* supra; *Smith v. Cumberland County Agric. Soc.,* supra; *New Theatre Co. v. Hartlove,* supra; *Emery v. Minneapolis Ind. Exp.,* 56 Minn. 460 (57 N. W. 1132); *Oakley v. Richards,* 275 Mo. 266 (204 S. W. 505); *Murrell v. Smith,* 152 Mo. App. 95 (133 S. W. 76); *Levinski v. Cooper* (Tex. Civ. App.), 142 S. W. 959; *Andre v. Mertens,* 88 N. J. Law 626 (96 Atl. 893).

Applying these rules to the record before us, we are unable to hold, as contended, that appellant's motion for a directed verdict should have been sustained, because the question of reasonable care, under the record, was a question for the jury, under proper instructions, and was not a question of law for the court.

The real trouble in this case lies in the theory of the petition, when it assumes that the association was bound to erect a fence of sufficient height to keep the horse on the track; or, in other words, to prevent it from jumping the same. The instruction assailed herein follows this theory of the petition in this respect; hence both the pleading and the instruction are held erroneous, in that it cannot be said, as a matter of law, to be a legal duty to construct a fence of sufficient height to prevent a horse from jumping over. This is a matter that might be taken into consideration by the jury in determining whether the association was guilty of want of ordinary and reasonable care, as above explained.

For the errors heretofore pointed out, the case is reversed. —*Reversed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.